# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL J. MOCKERIDGE and
SUSAN J. MOCKERIDGE,
     Plaintiffs,

v.

HARRY HARVEY,
in his personal capacity;

COUNTY OF ALCONA
by its BOARD OF COMMISSIONERS;

CAROLYN BRUMMUND;

TERRY SMALL;

DAN GAUTHIER;

WILLIAM THOMPSON;

ADAM BREGE;

KENNETH GIBSON,
in his personal capacity;

DAVID SCHMIDT,
in his personal and official capacities;

KEITH KRENTZ,

    and

TOWNSHIP OF CALEDONIA,
    Defendants
_____/

Case No.: 21-cv-12896

Honorable _____

**COMPLAINT
JURY DEMANDED**

**COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

NOW COME Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE, by and through counsel, and complains as follows:

## PARTIES

1.      Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE are residents of the State of Michigan and the owners of what is described hereinafter as the "Skylar Trail Property" in Alcona County (Caledonia Township).

2.      Defendant HARRY HARVEY is a building inspector for the County of Alcona and is sued in his personal capacity.

3.      Defendant COUNTY OF ALCONA by its BOARD OF COMMISSIONERS is a public body formed under the laws of the State of Michigan.

4.      Defendant CAROLYN BRUMMUND is a commissioner on the BOARD OF COMMISSIONERS of COUNTY OF ALCONA.

5.      Defendant TERRY SMALL is a commissioner on the BOARD OF COMMISSIONERS of COUNTY OF ALCONA.

6.      Defendant DAN GAUTHIER is a commissioner on the BOARD OF COMMISSIONERS of COUNTY OF ALCONA.

7.      Defendant WILLIAM THOMPSON is a commissioner on the BOARD OF COMMISSIONERS of COUNTY OF ALCONA.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

8.     Defendant ADAM BREGE is a commissioner on the BOARD OF COMMISSIONERS of COUNTY OF ALCONA.

9.     Defendant KENNETH GIBSON is a former zoning official for the Township of Caledonia and is sued in his personal capacity.

10.     Defendant DAVID SCHMIDT is an employee and official with an entity known as "District Health Department No. 2" and is sued in both his personal and official capacities.

11.     Defendant KEITH KRENTZ is a resident of the State of Michigan.

12.     Defendant TOWNSHIP OF CALEDONIA is a local municipality formed under the laws of the State of Michigan.

## JURISDICTION

13.     This is a civil action brought inter alia pursuant to 42 U.S.C. § 1983 seeking relief against Defendants for violations of the United States Constitution and Michigan law.

14.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claim(s) as well as claims that involve the joinder of additional parties.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

15.   Venue is proper in this Court as Defendants conduct or conducted their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

16.   On or about September 18, 2020, Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE purchased a parcel of land consisting of 40+ acres in Caledonia Township, Alcona County (hereinafter the "Skylar Trail Property").

17.   The purpose of the purchase of the Skylar Trail Property was to build upon and improve said real property for outdoor recreational pursuits by the members of the Mockeridge family.

18.   Prior to and immediately after the purchase of the Skylar Trail Property, several conversations were had with Defendant HARRY HARVEY, the Alcona County Building Inspector, regarding the need for any building permits.

19.   It was explained repeatedly by Defendant HARRY HARVEY that a building which is 200 square feet or less does not require a building permit in Alcona County, which consistent with Rule 105 of the Michigan Residential Building Code.

20.   With this confirmed legal clearance from Defendant HARRY HARVEY, Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

MOCKERIDGE made plans to purchase five (5) small off-side-fabricated cabins, i.e. being 200 square feet or less, from a producer of such specialized buildings of this size.

21.     These cabins are stand-alone buildings without sewer or water.

22.     In October 2020, Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE placed an order for the cabins, in reliance of the representations of Defendant HARRY HARVEY, after the design for the same were design modified from the information Defendant HARRY HARVEY provided.

23.     In April 2021, Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE began preparation for the arrival of the customized cabins by creating the foundation for each.

24.     The cabins arrived in May 2021 and were set to be erected within a week's time.

25.     Immediately thereafter, unbeknownst to Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE, complainants (who are, on information and belief, the immediate neighbors who were the unsuccessful buyers of the 40+ acre parcel but such is yet to be fully confirmed) submitted a laundry list of frivolous and patently absurd complaints to Defendant TOWNSHIP OF CALEDONIA. See **Exhibit A**.

5

26.    In turn, official(s) with Defendant TOWNSHIP OF CALEDONIA forwarded the complaints to the Alcona County Health Department (commonly known as District Health Department No. 2), namely to Defendant DAVID SCHMIDT.

27.    After reviewing the facially frivolous complaints, Defendant DAVID SCHMIDT realized he had no legal basis to act in his role with District Health Department No. 2 but, for reasons that are unclear, opted to direct the complainants to alter their complaints to instead include an allegation of an "unlicensed campground" and to "mention that issue along with the sanitation issue" despite Defendant DAVID SCHMIDT not having a proper factual or good faith basis for either. See **Exhibit B**.

28.    The uses of the Skylar Trail Property were not within the definition or legal scope of a campground under Michigan law.

29.    Defendant DAVID SCHMIDT directed the complainant(s) to "please add that to the forms if you would." **Exhibit B.**

30.    Thereafter, the (what is believed to be) same complainants filed two more complaints when following the self-serving directions of Defendant DAVID SCHMIDT but this time identifying themselves as Brad Wendling and Brian Wendling.[1]

---

[1] Brian Wendling is the elected drain commissioner of Saginaw County.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

31.    On June 2, 2021, for reasons that are not yet altogether clear, Defendant DAVID SCHMIDT entered upon the Skylar Trail Property to conduct an inspection without any consent of the owners of the Skylar Trail Property, without any prior knowledge of Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE, and without any warrant (or its equivalent).

32.    Defendant DAVID SCHMIDT, in concert with what is believed to be Defendants HARRY HARVEY and KENNETH GIBSON, purposely avoided securing any warrant or otherwise contacting Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE for permission because they did not "want to them know we are coming." **Exhibit D.**

33.    The warrantless inspection resulted in Defendant DAVID SCHMIDT making a report where he asserts he "observed 5 camping cabins and one camper" on the Skylar Trail Property "along with existing cabin and a platform for possibly a sixth camping cabin."

34.    Defendant DAVID SCHMIDT also confirmed that he attended this warrantless search of the Skylar Trail Property with "representatives from Alcona Co Building Dept and Caledonia Township."

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7

35.   On  information  and  belief,  those  representatives  were Defendants HARRY HARVEY and KENNETH GIBSON who were captured in photographic records at the time—



36.   On information and belief, Defendant KEITH KRENTZ took the above photograph on June 2, 2021 while present on the Skylar Trail Property with  Defendants  HARRY  HARVEY,  KENNETH  GIBSON,  and  DAVID SCHMIDT.

37.   The information obtained would not been available to Defendant DAVID SCHMIDT or Defendants HARRY HARVEY and KENNETH GIBSON except by an unconstitutional search and/or illegal trespass.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

38.     Defendants HARRY HARVEY, KENNETH GIBSON, and DAVID SCHMIDT did not have or had otherwise secured a validly issued warrant and did not have lawful authority to conduct a warrantless inspection.

39.     Since that time in June 2021, these governmental actors, at the insistence and direction of vengeful neighbors, have worked with each other to actively try to prevent the quiet enjoyment of the Skyler Trail Property by Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE and their family.

40.     After expressly telling and confirming to Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE and they relying upon the prior determination of Defendant HARRY HARVEY that no building permits were required, Defendants HARRY HARVEY sua sponte issued a Stop Work Order against Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE related to their Skyler Trail Property because Defendant HARRY HARVEY believed his prior determination of no needed building permits might have been in error.

41.     A copy of the Stop Work Order is attached as **Exhibit E**.

42.     Prior to and immediately after issuing the Stop Work Order, neither Defendant HARRY HARVEY nor Defendant COUNTY OF ALCONA provided any prior written notice of the forthcoming issuance of the Stop

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

9

Work Order and did not provide any hearing before the Stop Work Order was issued and posted.

43.     Michigan law explains the process Defendant HARRY HARVEY and Defendant COUNTY OF ALCONA of how to provide prior written notice and the opportunity for a hearing _before_ any stop work order is issued and posted and yet still failed to do so. MCL 125.1512(3).

44.     When Defendant HARRY HARVEY and Defendant COUNTY OF ALCONA issued the stop work order, Defendant HARRY HARVEY failed to provide any minimal constitutionally-required notice and a hearing (i.e. the opportunity to be heard) as required by the Fourteenth Amendment to the United States Constitution.

45.     Moreover, at the time Defendant HARRY HARVEY and Defendant COUNTY OF ALCONA issued the stop work order, Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE had legally obtained and enjoyed a vested property right consistent with Michigan law. See _City of Lansing v Dawley_, 247 Mich 394; 225 NW 500 (1929) and its progeny.

46.     On August 11, 2021, the Board of Commissioners of Defendant COUNTY OF ALCONA convened a special meeting Defendant HARRY

HARVEY but without any notice to Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE. See **Exhibit F**.[2]

47.    At the public meeting, Defendant HARRY HARVEY, who was not a member of the Board of Commissioners of Defendant COUNTY OF ALCONA, requested the Board of Commissioners go into closed session to "discuss Building Department matters."

48.    A motion was made by Defendant CAROLYN BRUMMUND and seconded by Defendant TERRY SMALL to go "into closed session to discuss Building Department matters." **Exhibit F**.

49.    The motion was approved by Defendants CAROLYN BRUMMUND, TERRY SMALL, DAN GAUTHIER, WILLIAM THOMPSON, and ADAM BREGE. **Exhibit F**.

50.    Discussing "Building Department matters" is not a valid reason to go into closed session under Michigan law.

51.    On information and belief, the topic discussed in closed session were the issues surrounding the building permit and Stop Work Order as discussed above.

---

[2] These unsigned minutes were downloaded from the County's website at https://alconacountymi.com/?page_id=2427.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

52.     Discussion on such matters must be undertaken at a meeting open to the public with meeting minutes made public for inspection.

53.     According to the meeting minutes kept of the later public portion of the August 11, 2021 special meeting (**Exhibit F**), upon the Board of Commissioners returning back into open session a motion was made "to deny the request of Michael Mockeridge to waive the building permit fees" and, by directive of the Board, have the Building Department "follow the policies and procedures as written"—whatever that means.

54.     The motion was approved by Defendants CAROLYN BRUMMUND, TERRY SMALL, DAN GAUTHIER, WILLIAM THOMPSON, and ADAM BREGE.

55.     Following the August 11, 2021 special meeting, Defendant COUNTY OF ALCONA is now apparently willing to issue a building permit but has imposed fines for not obtaining a building permit despite the vested rights of Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE along with their reliance of the prior determination of no permit requiring via Defendant HARRY HARVEY.

**COUNT I**
**PROCEDURAL DUE PROCESS VIOLATION**
**42 U.S.C. § 1983**
**(AGAINST DEFENDANTS COUNTY OF ALCONA AND HARVEY)**

56.     The prior allegations are reincorporated herein.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

57.    At the time Defendant HARRY HARVEY (acting on behalf of Defendant COUNTY OF ALCONA) issued the stop work order, Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE had legally obtained and enjoyed a vested property right regarding the Skylar Trail Property and the erection of buildings and making improvements to the realty.

58.    Vested property rights are property interests protected by the Constitution.

59.    Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE were deprived of their vested property rights by Defendant HARRY HARVEY and Defendant COUNTY OF ALCONA when Defendant HARRY HARVEY issued the Stop Work Order on or about July 14, 2021.

60.    Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE were not afforded timely and adequate process under law, namely that notice is afforded and opportunity for hearing appropriate to the nature of the case before the deprivation of property (i.e. the vested property rights) via the Stop Work Order.

61.    Because there were no emergency or exigent circumstances on July 14, 2021 when the Stop Work Order was issued, Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE were entitled to a *pre-*

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

deprivation hearing before Defendant HARRY HARVEY and Defendant COUNTY OF ALCONA were entitled to suspend or terminate Plaintiff MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE's property rights related to the Skylar Trail Property.

62.    Defendant HARRY HARVEY and Defendant COUNTY OF ALCONA failed to provide required and/or sufficient due process as mandated by the Fourteenth Amendment in the form of a pre-deprivation hearing *before* such the vested property rights of Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE related to the Skylar Trail Property is suspended and/or terminated.

63.    The aforementioned failure to provide pre-deprivation notice and/or pre-deprivation hearing is a policy, custom, and/or practice of Defendant COUNTY OF ALCONA sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny for violations the Fourteenth Amendment's guarantee of minimum and/or sufficient due process.

64.    The actions of Defendant HARRY HARVEY in issuing the Stop Work Order without prior notice and a pre-deprivation hearing violates the Fourteenth Amendment's guarantee of minimum and/or sufficient due

process in favor of Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE.

65.    As for Defendant HARRY HARVEY sued in his personal capacity, he purposely, recklessly, and with wanton disregard for the Plaintiffs' federal rights, inflict harmed in violation of the Fourteenth Amendment.

66.    These infirmities involve a policy, custom, and/or practice of Defendant COUNTY OF ALCONA that is appropriate to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

67.    Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE have been damaged as a result of Defendants' violation of her rights under the United States Constitution.

**COUNT II**
**EQUITABLE ESTOPPEL / VESTED RIGHTS**
**(AGAINST DEFENDANTS COUNTY OF ALCONA AND HARVEY)**

68.    The prior allegations are reincorporated herein.

69.    An equitable estoppel is appropriate when (1) a party by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

permitted to deny the existence of the facts. See *Howard Twp. Bd. of Trustees v. Waldo*, 168 Mich. App. 565, 575; 425 NW2d 180 (1988).

70.    Defendant HARRY HARVEY, on behalf of Defendant COUNTY OF ALCONA, made an explicit representation, on multiple occupations, that building permit(s) is/are not required for the Plaintiffs' buildings being 200 square feet or less.

71.    Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE justifiably relied upon and acted on this assertion when ordering, erecting, building, and installing the specialized cabins without seeking a prior building permit.

72.    After ordering, erecting, building, and installing the specialized cabins for/upon the Skylar Trail Property, Defendant HARRY HARVEY, on behalf of Defendant COUNTY OF ALCONA, seemingly just sua sponte changed their minds but only after the vested rights of Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE had fully ripened.

73.    Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE will be prejudiced if Defendant HARRY HARVEY, on behalf of Defendant COUNTY OF ALCONA, is permitted to deny the existence of the representation that building permits are not required.

74. Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE seek declaratory and injunctive relief in the form of equitable estoppel and a declaratory judgment that Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE have ripened vested rights pursuant to the vest-rights doctrine under *City of Lansing v Dawley*, 247 Mich 394; 225 NW 500 (1929) and its progeny.

**COUNT III**
**FOURTH AMENDMENT VIOLATION**
**42 U.S.C. § 1983**
**(AGAINST DEFENDANTS HARVEY, GIBSON,**
**SCHMIDT, ALCONA, & CALEDONIA)**

75. The prior allegations are reincorporated herein.

76. Under *US v Jones*, when agents of the government physically occupy private property for the purpose of obtaining information, it is a search within the meaning of the Fourth Amendment requiring either consent or the issuance of a search warrant (or its equivalent) pursuant to law.

77. The present case involves governmental actors engaging in direct, unauthorized trespass on private property for the purpose of obtaining information for purposes of alleged enforcement of local and state laws.

78. On June 2, 2021, Defendants HARRY HARVEY, KENNETH GIBSON, and DAVID SCHMIDT both individually and as agents for District Health Department No. 2, Defendant COUNTY OF ALCONA and Defendant

17

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

TOWNSHIP OF CALEDONIA warrantlessly searched the Skylar Trail Property without the consent of Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE in violation of the Fourth Amendment.

79.    The illegal search was conducted without consent or prior knowledge of Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE, and without any warrant (or its equivalent).

80.    The unlawful and illegal actions of these Defendants' trespass undertaken to gather information as well as conducting surveillance is a policy, custom, and/or practice of District Health Department No. 2, Defendant COUNTY OF ALCONA and Defendant TOWNSHIP OF CALEDONIA sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

81.    Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE have experienced harm by the unconstitutional processes and procedures undertaken by and/or is a policy, custom, and/or practice of District Health Department No. 2, Defendant COUNTY OF ALCONA and Defendant TOWNSHIP OF CALEDONIA.

82.    The conduct of Defendants HARRY HARVEY, KENNETH GIBSON, and DAVID SCHMIDT was reckless and undertaken with complete indifference and wanton disregard to the federal rights of Plaintiffs MICHAEL

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

J. MOCKERIDGE and SUSAN J. MOCKERIDGE to be free from violations of the Fourth Amendment to the United States Constitution.

**COUNT IV**
**TRESPASS**
**(AGAINST DEFENDANTS HARVEY,**
**ALCONA, CALEDONIA, SCHMIDT, & KRENTZ)**

83.     The prior allegations are reincorporated herein.

84.     Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE are in lawful possession and control of the Skylar Trail Property.

85.     Defendants HARRY HARVEY, KENNETH GIBSON, DAVID SCHMIDT, TOWNSHIP OF CALEDONIA, and COUNTY OF ALCONA by its BOARD OF COMMISSIONERS trespassed upon the Skylar Trial Property on June 2, 2021.

86.     In addition to warrantless entry upon the Skylar Trail Property by these Defendants, on information and belief, Defendant KEITH KRENTZ entered and occupied the Skylar Trail Property at the same as Defendants HARRY HARVEY, KENNETH GIBSON, and DAVID SCHMIDT and did so without the consent of Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE or having the legal privilege to do so.

87.     In fact, Defendant KEITH KRENTZ acted in joint concert with Defendants HARRY HARVEY, KENNETH GIBSON, and DAVID SCHMIDT

by arranging a meet-up at a local gas station prior to the pre-planned decision to commit the trespass.

88. On information and belief, Defendant KEITH KRENTZ transported and took Defendants HARRY HARVEY, KENNETH GIBSON, and DAVID SCHMIDT to and upon the Skylar Trail Property by his own vehicle, and did so after directing these defendants to make sure that Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE did not know that Defendants HARRY HARVEY, KENNETH GIBSON, DAVID SCHMIDT, TOWNSHIP OF CALEDONIA, and COUNTY OF ALCONA, along with Defendant KEITH KRENTZ, were trespassing on June 2, 2021. **Exhibit D**.

89. In addition to trespassing himself in violation of Michigan law, Defendant KEITH KRENTZ is further a person who authorized, condoned, ratified, and/or benefit from another's trespass and is liable as a joint trespasser. *Kratze v Indep Order of Oddfellows, Garden City Lodge No 11*, 190 Mich App 38, 43; 475 NW2d 405 (1991).

90. Due to governmental immunity, a damages award is not sought against the governmental defendants for their trespass upon the Skylar Trail Property on June 2, 2021 by this Count.

91.   Instead, an injunctive order is sought against the government defendants together with Defendant KEITH KRENTZ against trespassing upon the Skylar Trail Property. See *Wright v. Genesee County*, 934 N.W.2d 805, 809 (Mich. 2019).

92.   But because governmental immunity does not protect Defendant KEITH KRENTZ from compensatory and/or nominal damages awards, an award of damages from the harm suffered by Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE is hereby sought.

**COUNT V**
**OPEN MEETINGS ACT VIOLATION**
**(AGAINST DEFENDANTS BRUMMUND,**
**SMALL, GAUTHIER, THOMPSON, & BREGE)**

93.   The prior allegations are reincorporated herein.

94.   Defendants CAROLYN BRUMMUND, TERRY SMALL, DAN GAUTHIER, WILLIAM THOMPSON, and ADAM BREGE are each a public official.

95.   Defendants CAROLYN BRUMMUND, TERRY SMALL, DAN GAUTHIER, WILLIAM THOMPSON, and ADAM BREGE violated the Open Meetings Act by going into closed session on August 11, 2021 without a lawful and valid basis for doing so as it relates the Skylar Trail Property.

96.   Defendants CAROLYN BRUMMUND, TERRY SMALL, DAN GAUTHIER, WILLIAM THOMPSON, and ADAM BREGE acted intentionally

to violate said Act by going into closed session on August 11, 2021 without a lawful and valid basis for doing so as it relates the Skylar Trail Property.

97.    By violating the Open Meetings Act, in the ways outlined above, Defendants CAROLYN BRUMMUND, TERRY SMALL, DAN GAUTHIER, WILLIAM THOMPSON, and ADAM BREGE are each therefore personally liable of not more than $500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action.

98.    This action for damages is joined with an action for injunctive or exemplary relief under Section 11, MCL 15.271, of the Open Meetings Act. MCL 15.273(3).

**COUNT VI**
**OPEN MEETINGS ACT VIOLATION**
**(AGAINST DEFENDANT COUNTY OF ALCONA)**

99.    The prior allegations are reincorporated herein.

100.  Defendant COUNTY OF ALCONA by its BOARD OF COMMISSIONERS is a public body.

101.  By the events of August 11, 2021, Defendant COUNTY OF ALCONA by its BOARD OF COMMISSIONERS did not comply and is not complying with the Open Meetings Act.

102. Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE request this Court to enter an order to compel compliance or to enjoin further noncompliance with the Open Meetings Act.

103. Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE request this Court to enter an order requiring Defendant COUNTY OF ALCONA by its BOARD OF COMMISSIONERS to designate the closed meeting minutes be subject to public inspection and copying as if minutes kept in an open session portion of a public meeting. See MCL 15.269(2).

### RELIEF REQUESTED

104. WHEREFORE, Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE respectfully requests this Court to—

a.      Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants as being unconstitutional;

b.      Enter an order, pursuant to the Declaratory Judgment Act, declaring Plaintiffs MICHAEL J. MOCKERIDGE and SUSAN J. MOCKERIDGE have ripened vested property rights under Michigan law as to the Skylar Trail Property and no building permit is required;

c.      Enter an order for commanding the unconditional dissolution of the July 14, 2021 Stop Work Order;

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

d.      Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the Fourth Amendment to the United States Constitution and Michigan law;

e.      Enter an order for damages (including compensatory, economic, non-economic and/or nominal) under 42 U.S.C. § 1983;

f.      Enter an order for an award of punitive damages against Defendants HARRY HARVEY, KENNETH GIBSON, and DAVID SCHMIDT;

g.      Enter an order for damages (including compensatory, economic, non-economic and/or nominal) against Defendant KEITH KRENTZ as to his trespass;

h.      Enter an order for injunctive relief to halt further trespass(es) by certain Defendants, including Defendants HARRY HARVEY, KENNETH GIBSON, DAVID SCHMIDT and KEITH KRENTZ, in violation of Michigan law;

i.      Enter an order against Defendant COUNTY OF ALCONA by its BOARD OF COMMISSIONERS to compel compliance or to enjoin further noncompliance with the Open Meetings Act;

j.      Enter an order against Defendant COUNTY OF ALCONA by its BOARD OF COMMISSIONERS commanding that the kept closed meeting minutes of the August 11, 2021 be made open to public inspection and be

hereinafter available for public inspection (and copying) as required by MCL 15.269(2).

k.     Enter an order for damages, of not more than $500.00 each, against Defendants CAROLYN BRUMMUND, TERRY SMALL, DAN GAUTHIER, WILLIAM THOMPSON, and ADAM BREGE for their violations of the Open Meetings Act;

l.     Enter an order for an award of actual/reasonable attorney fees, litigation expenses, and court costs pursuant to 42 U.S.C. § 1988, MCL 15.271, MCL 15.273, and all other applicable laws, rules, or statutes; and

m.     Enter an order for all such other relief the court deems equitable.

## JURY DEMAND

105.  For all triable issues, a jury is hereby demanded.

Date: December 10, 2021                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com