UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL J. MOCKERIDGE and
SUSAN J. MOCKERIDGE,

        Plaintiffs,

v.

ALCONA COUNTY,
by its Board of Commissioners,
et al.

        Defendants.
_____/

Case No. 1:21-cv-12896

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY QUESTIONS TO STATE ATTORNEY GENERAL**

In September 2020, Plaintiffs Michael and Susan Mockeridge purchased approximately 40 acres of real estate in Caledonia Township, Alcona County. They intended to develop the property for "outdoor recreational pursuits" involving five "small off-side-fabricated cabins, i.e. being 200 square feet or less, from a producer of such specialized buildings."

After the first round of dispositive motions and ample discovery, Plaintiffs have filed a motion to certify the constitutionality of two Michigan statutes to the state attorney general.

**I.**

Plaintiffs allege that, before and after they purchased the 40 acres of land ("Skylar Trail"), Building Inspector Harry Harvey explained during "several conversations" that Alcona County does not require building permits for buildings that are less than 200 square feet—consistent with Rule 105.2(a)(i) of the Michigan Residential Building Code. ECF No. 1 at PageID.4.

Armed with their understanding of Harvey's legal clearance, in October 2020, Plaintiffs ordered five cabins customized to the information Harvey provided. *Id.* at PageID.5. Six months

later, Plaintiffs installed the foundations for the custom cabins, which arrived the following month. *Id.*

On June 2, 2021, for reasons yet unclear, Defendant Schmidt entered Skylar Trail—allegedly without permission—to inspect Plaintiffs' property. *Id.* at PageID.7. Defendants Schmidt, Harvey, and Caledonia Township Zoning Officer Kenneth Gibson did not obtain prior permission to enter Plaintiffs' property because they did not "want [Plaintiffs] to know we are coming." *See id.* (quoting ECF No. 1-4 at PageID.35); *see also* ECF No. 40 at PageID.567.

Confirming the inspection, Schmidt completed a report providing that he "[o]bserved 5 new camping cabins and one camper on [Skylar Trail] along with an existing cabin and a platform for possibly a sixth camping cabin." ECF No. 1-3 at PageID.29. Schmidt's report also acknowledged that he entered on Skylar Trail with "representatives from Alcona Co. Bldg. Dept. & Caledonia Twp." *Id.* Plaintiffs believe that those "representatives" were Harvey and Gibson because they were captured in photographs taken during the June 2, 2021 inspection by Defendant Keith Krentz, who owns a parcel adjacent to Skylar Trail. *See, e.g.*, ECF Nos. 1 at PageID.8; 40 at PageID.567.

Twelve days after the inspection, with no prior notice or hearing, Harvey revoked his prior clearance and served Plaintiffs with a "Stop Work Order" under Rules 105.11 and 114.12 of the 2015 Michigan Residential Code. *See* ECF Nos. 1 at PageID.9–10; 1-5 at PageID.40. Plaintiffs allege Harvey and Alcona County issued the Stop Work Order in violation of the Fourteenth Amendment to the United States Constitution and Michigan Compiled Laws § 125.1512(3). ECF No. 1 at PageID.10. Plaintiffs also contend the Stop Work Order violated their "legally obtained and enjoyed" property right vested under Michigan law. *See id.* (citing *City of Lansing v. Dawley*, 225 N.W. 500 (Mich. 1929) (en banc) and its progeny).

On April 18, 2022, this Court issued an Opinion and Order denying Defendants' motion to dismiss and compelling the disclosure of the meeting minutes from the Alcona County Board of Commissioners's August 11, 2021 closed session, which this Court found more likely than not violated Michigan's Open Meetings Act. *See generally Mockeridge v. Alcona Cnty. ex rel. Bd. of Comm'rs*, No. 1:21-CV-12896, 2022 WL 1143484 (E.D. Mich. Apr. 18, 2022). The parties have since been engaged in discovery.

On September 20, 2022, Plaintiffs filed a motion under Federal Rule of Civil Procedure 5.1 to certify the constitutionality of two Michigan statutes to the Michigan Attorney General. ECF No. 72. Specifically, Plaintiffs believe that Defendant Krentz[1] intends to assert that his warrantless entry onto Plaintiff's property was permitted by Michigan Compiled Laws §§ 125.1512(2)[2] and 333.12514.[3] *Id.* at PageID.757. Plaintiffs believes neither statue applied to Defendant Krentz's

---

[1] It does not appear that any other Defendants have raised these affirmative defenses.

[2] Section 125.1512(2) provides that:
> The owner of premises on which a building or structure is being constructed is deemed to have consented to inspection by the enforcing agency and the commission of the entire premises and of any construction being performed on it until a certificate of use and occupancy has been issued. An inspector, or team of inspectors, on presentation of proper credentials, may enter and inspect the premises and construction thereon, for purposes of insuring compliance with the building permit, the code and other applicable laws and regulations. An inspection shall be made between 8 a.m. and 6 p.m. on business days, or when construction is actually being undertaken, except if the enforcing agency has probable cause to believe that an immediate danger to life, limb or property exists, or except with permission of an owner, or his agent, architect, engineer or builder. An inspection pursuant to this section shall be solely for purposes of enforcing this act and other laws and ordinances related to construction of buildings and structures. A person other than the owner, his agent, architect, engineer or builder shall not accompany an inspector or team of inspectors on an inspection, unless his presence is necessary for the enforcement of this act, or other laws and ordinances related to construction of the building or structure, or except with the consent of an owner, or his agent, architect, engineer or builder.

MICH. COMP. LAWS 125.1512(2).

[3] Section 333.12514 provides that:
> An agent or representative of the department or a representative of a designated local health department shall have access during all reasonable hours to

conduct and that, "if they do, [then] they are unconstitutional under the Fourth Amendment as [applied]." *Id.* at PageID.757–58.

## II.

### A.

Rule 5.1 requires a "party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute" to "file a notice of constitutional question" with the court and to serve that notice to the attorney general of the state. FED. R. CIV. P. 5.1(a).

### B.

Plaintiffs have not raised any facial or as-applied challenge to the statutes in the Complaint or Amended Complaint. *See generally* ECF Nos. 1; 23. Therefore, "to the extent that Plaintiffs attempt[] to raise a facial or as-applied challenge to the constitutionality of [Michigan Compiled Laws §§ 125.1512(2) and 333.12514], such a claim is foreclosed to [them] in this matter." *Henley v. Sunier*, No. 117CV02385JMSTAB, 2018 WL 6268297, at *4 (S.D. Ind. Nov. 30, 2018) ("[Plaintiffs'] counsel is no stranger to constitutional litigation, and had he intended to raise a constitutional challenge to the statute itself, there are specific procedural steps he was required to follow. He should have included such a challenge in his complaint."). For this reason, their motion to certify will be denied.

Even so, Plaintiffs did not comply with Rule 5.1(a)(2). Although they filed a notice of constitutional question with this Court on September 20, 2022, they did not "serve the notice and paper on the . . . state attorney general." *See* FED. R. CIV. P. 5.1(a)(2). *See generally* ECF No. 72.

---

a campground for the purpose of inspection or otherwise carrying out sections 12501 to 12516.

MICH. COMP. LAWS § 333.12514.

That omission also warrants denial of Plaintiffs' motion. *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 281 (6th Cir. 2009) (Sutton, J., concurring) (noting that Rule 5.1 "requir[es] a party to notify the state attorney general when challenging a state law but [does] not requir[e] a court to consider whether the state attorney general is a necessary party.").

And Plaintiffs did not "promptly" file a notice with this Court. *See* FED. R. CIV. P. 5.1(a). Defendant Krentz apprised Plaintiffs of his intent to raise the two statutes as affirmative defenses on April 20, 2022. ECF No. 51. But Plaintiffs have not explained why five months passed before they filed a Rule 5.1 notice with this Court. *See generally* ECF No. 71. And they have yet to request leave to amend the complaint to that end. That untimeliness also warrants denial. *See Conyers v. Garrett*, No. 22-11152, 2022 WL 1913598, at *4 (E.D. Mich. June 3, 2022) (stating denial of motion to certify was warranted because the plaintiff "could have challenged the Amendment several years ago, but chose not to do so," "did not file a notice of the constitutional challenge" when filing the action, "and did not otherwise notify the Attorney General"), *aff'd*, No. 22-1494, 2022 WL 2081475 (6th Cir. June 10, 2022). For this third reason, Plaintiffs' motion will be denied.

## III.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Certify, ECF No. 72, is **DENIED**. **This is not a final order and does not close the case**.

Dated: October 20, 2022         s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge