UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL J. MOCKERIDGE and
SUSAN J. MOCKERIDGE,

        Plaintiffs,                    Case No. 1:21-cv-12896

v.                                          Honorable Thomas L. Ludington
                                                  United States District Judge

ALCONA COUNTY,
by its Board of Commissioners, et al.,

        Defendants.
_____/

**OPINION AND ORDER SUSTAINING PLAINTIFFS' OBJECTION, REINSTATING STRICKEN NOTICES, AND CERTIFYING CONSTITUTIONAL CHALLENGES OF STATE STATUTES TO ATTORNEY GENERAL**

In September 2020, Plaintiffs Michael and Susan Mockeridge purchased approximately 40 acres of real estate in Caledonia Township, Alcona County. They intended to develop the property for "outdoor recreational pursuits" involving five "small off-side-fabricated cabins, i.e. being 200 square feet or less," which their adult children would use as sleeping quarters separate from the main house when they visit.

After the first round of dispositive motions and ample discovery, Plaintiffs filed a motion to certify the constitutionality of two Michigan statutes to the Michigan Attorney General. But that motion was denied because Plaintiffs had not plead any constitutional claims and Defendants had not relied on any constitutional defenses.

However, Defendants now rely on Michigan statutes to justify their trespass onto Plaintiffs' property, which prompted Plaintiffs to notice their challenges to the statutes' constitutionality. The notices were stricken as untimely, and then Plaintiffs objected. The notices will be reinstated because they were filed in response to Defendants' first actual reliance on the Michigan statutes.

I.

Plaintiffs allege that, before and after they purchased the 40 acres of land ("Skylar Trail"), County Building Inspector Harry Harvey said in "several conversations" that Alcona County does not require building permits for buildings that are less than 200 square feet—consistent with Rule 105.2(a)(i) of the Michigan Residential Building Code. ECF No. 1 at PageID.4.

Equipped with their understanding of Harvey's clearance, in October 2020, Plaintiffs ordered five cabins customized to Harvey's permission. *Id.* at PageID.4–5. Six months later, Plaintiffs installed the foundations for the custom cabins, which arrived the following month. *Id.*

On June 2, 2021, for reasons yet unclear, Defendant Schmidt entered Skylar Trail—allegedly without permission—to inspect Plaintiffs' property. *Id.* at PageID.7. Defendants Schmidt, Harvey, and Caledonia Township Zoning Officer Kenneth Gibson did not obtain prior permission to enter Plaintiffs' property because they did not "want [Plaintiffs] to know we are coming." *See id.* (quoting ECF No. 1-4 at PageID.35); *see also* ECF No. 40 at PageID.567.

Confirming the inspection, Schmidt completed a report providing that he "[o]bserved 5 new camping cabins and one camper on [Skylar Trail] along with an existing cabin and a platform for possibly a sixth camping cabin." ECF No. 1-3 at PageID.29. Schmidt's report also acknowledged that he entered on Skylar Trail with "representatives from Alcona Co. Bldg. Dept. & Caledonia Twp." *Id.* Plaintiffs believe that those "representatives" were Harvey and Gibson because they were captured in photographs taken during the June 2, 2021 inspection by Defendant Keith Krentz, who owns a parcel adjacent to Skylar Trail. *See, e.g.*, ECF Nos. 1 at PageID.8; 40 at PageID.567.

Twelve days after the inspection, without prior notice or hearing, Harvey revoked his earlier clearance and served Plaintiffs with a "Stop Work Order" under Rules 105.11 and 114.12

of the 2015 Michigan Residential Code. *See* ECF Nos. 1 at PageID.9–10; 1-5 at PageID.40. Plaintiffs allege Harvey and Alcona County issued the Stop Work Order in violation of the Fourteenth Amendment to the United States Constitution and Michigan Compiled Laws § 125.1512(3). ECF No. 1 at PageID.10. Plaintiffs also contend the Stop Work Order violated their "legally obtained and enjoyed" property right vested under Michigan law. *See id.* (citing *City of Lansing v. Dawley*, 225 N.W. 500 (Mich. 1929) (en banc) and its progeny).[1]

On April 18, 2022, Defendants' motion to dismiss was denied and Defendants were directed to disclose the meeting minutes from the Alcona County Board of Commissioners's August 11, 2021 closed session because it likely violated Michigan's Open Meetings Act. *See generally Mockeridge v. Alcona Cnty. ex rel. Bd. of Comm'rs*, No. 1:21-CV-12896, 2022 WL 1143484 (E.D. Mich. Apr. 18, 2022). Then the parties conducted discovery.

On September 20, 2022, Plaintiffs filed a motion under Federal Rule of Civil Procedure 5.1 to certify the constitutionality of two Michigan statutes to the Michigan Attorney General. ECF No. 72. Specifically, Plaintiffs asserted Defendant Krentz[2] intended to assert that his warrantless entry onto Plaintiff's property was permitted by Michigan Compiled Laws §§ 125.1512(2)[3] and

---

[1] Notably, the underlying circumstances of the case turn on Caledonia Township's definition of "[o]ne-story detached accessory structures" with a "floor area" that "does not exceed 200 square feet." *See* MICH. ADMIN. CODE r. 408.30505(a)(i); *see, e.g.*, *Soupal v. Shady View, Inc.*, 672 N.W.2d 171, 173 (Mich. 2003) (per curiam) (holding that communal use of property violated township zoning ordinance); *Buckley v. Mooney*, 63 N.W.2d 655, 661–62 (Mich. 1954) (Reid, J., dissenting) (holding that guest house was accessory structure); *Nelson v. Goddard*, 204 N.W.2d 739, 740–41 (Mich. Ct. App. 1972) (same for combination garage–carport); *Webster Twp. v. Waitz*, No. 325008, 2016 WL 3176963, at *5 (Mich. Ct. App. June 7, 2016) (per curiam) (unpublished) (holding that using barns on property as wedding venues "far outstripped" the property's "use as a single-family dwelling"). By all appearances, the structure at issue in this case appear to be accessory structures as defined under Caledonia Township's zoning ordinances. *See* CALEDONIA TOWNSHIP, MICH., ZONING ORDINANCE art. XII, § 12.3 (Oct. 1, 2015), http://caledoniatwp.com/Portals/42/Planning/Complete%20Caledonia%20Twp%20Zoning%20Ord%2010-1-15.pdf [https://perma.cc/2KHA-RPDE].
[2] At that time, no other Defendants had raised these affirmative defenses.
[3] Section 125.1512(2) provides that:

333.12514.[4] *Id.* at PageID.757. Plaintiffs believed neither statue applied to Krentz's conduct and that, "if they do, [then] they are unconstitutional under the Fourth Amendment as [applied]." *Id.* at PageID.757.

The motion to certify was denied because (1) Plaintiffs had not plead any facial or as-applied challenges to the statutes, (2) Defendants had not actually relied on any constitutional defenses, (3) Plaintiffs "did not 'promptly' file a notice" as required under Rule 5.1(a)(1), and (4) Plaintiffs did not serve any notice as required under rule 5.1(a)(2). *Mockeridge v. Alcona Cnty. ex rel. Bd. of Comm'rs*, No. 1:21-CV-12896, 2022 WL 11776318, at *2–3 (E.D. Mich. Oct. 20, 2022).

In January 2023, Defendants Alcona County, Harvey, and Schmidt filed motions for summary judgment that explicitly relied—for the first time—on state law to justify their trespass under the Fourth Amendment. Def. Alcona County's Mot. Summ. J., ECF No. 83 at PageID.1050; Defs. Harvey & Schmidt's Mot. Summ. J., ECF No. 85 at PageID.1282. Plaintiffs responded to

---

The owner of premises on which a building or structure is being constructed is deemed to have consented to inspection by the enforcing agency and the commission of the entire premises and of any construction being performed on it until a certificate of use and occupancy has been issued. An inspector, or team of inspectors, on presentation of proper credentials, may enter and inspect the premises and construction thereon, for purposes of insuring compliance with the building permit, the code and other applicable laws and regulations. An inspection shall be made between 8 a.m. and 6 p.m. on business days, or when construction is actually being undertaken, except if the enforcing agency has probable cause to believe that an immediate danger to life, limb or property exists, or except with permission of an owner, or his agent, architect, engineer or builder. An inspection pursuant to this section shall be solely for purposes of enforcing this act and other laws and ordinances related to construction of buildings and structures. A person other than the owner, his agent, architect, engineer or builder shall not accompany an inspector or team of inspectors on an inspection, unless his presence is necessary for the enforcement of this act, or other laws and ordinances related to construction of the building or structure, or except with the consent of an owner, or his agent, architect, engineer or builder.

MICH. COMP. LAWS 125.1512(2).

[4] "An agent or representative of the department or a representative of a designated local health department shall have access during all reasonable hours to a campground for the purpose of inspection or otherwise carrying out sections 12501 to 12516." MICH. COMP. LAWS § 333.12514.

both motions, arguing that the statutes were unconstitutional as applied. ECF Nos. 91 at PageID.2254–57; ECF No. 98 at PageID.2433–37.

Relying on their Responses, Plaintiffs filed notices of their intent to certify the constitutionality of the statutes to the Michigan Attorney General, *see* ECF Nos. 92; 99, which were denied as untimely, ECF No. 108 at PageID.2748–49. However, Plaintiffs timely objected that the notices were "promptly" filed with their responses to Defendants' motions for summary judgment. ECF No. 109. Plaintiffs are correct.

## II.

A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly (1) file a notice of constitutional question stating the question and identifying the paper that raises it and (2) serve the notice and paper on the appropriate attorney general—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose. FED. R. CIV. P. 5.1(a). If so, then the court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned. FED. R. CIV. P. 5.1(b).

A Rule 5.1 notice is timely if it is filed as soon as practicable after the constitutional question was first raised in actual reliance on the questioned statute. Thirty days is the benchmark for a Rule 5.1 notice. *See White v. Universal Fid., LP*, No. 3:17-CV-00044, 2018 WL 2347073, at *2 (E.D. Ky. May 23, 2018); *Procopio v. Conrad Prebys Tr.*, No. 3:14-CV-01651, 2015 WL 4662407, at *2 (S.D. Cal. Aug. 6, 2015). *But see Landry v. Cypress Fairbanks ISD*, No. 4:17-CV-03004, 2018 WL 3436971, at *7 (S.D. Tex. July 17, 2018) (granting only 10 days). Courts also consider the following factors:

1. the complexity of the constitutional issue;
2. the time between the filing of the triggering paper and the notice;

      3. the party's diligence in raising the constitutional issue; and
      4. whether the opposing party was prejudiced by any delay in filing the notice.

*See Pyle v. Woods*, 874 F.3d 1257, 1265 (10th Cir. 2017); *Conyers v. Garrett*, No. 2:22-CV-11152, 2022 WL 1913598, at *4 (E.D. Mich. June 3, 2022), *aff'd*, No. 22-1494, 2022 WL 2081475 (6th Cir. June 10, 2022) (per curiam); *Henley v. Sunier*, No. 1:17-CV-02385, 2018 WL 6268297, at *4 (S.D. Ind. Nov. 30, 2018).

### III.

Plaintiffs' objection is meritorious because they promptly filed their notices *after Defendants actually relied on the challenged statutes*.

Plaintiffs first questioned the constitutionality of the Michigan statutes in September 2022 in their Motion for Order to Certify to the Michigan Attorney General that Michigan Law is Constitutionally Questioned. *See* ECF No. 72 (questioning the constitutionality of Michigan Compiled Laws §§ 125.1512(2), 333.12514, 333.12516(1)).

At that time, however, Plaintiffs' constitutional challenges were anticipatory; Defendants had not yet relied on the statutes. *See Mockeridge v. Alcona Cnty. ex rel. Bd. of Comm'rs*, No. 1:21-CV-12896, 2022 WL 11776318, at *2 (E.D. Mich. Oct. 20, 2022).

Now, by contrast, Plaintiffs aptly cite their summary-judgment responses. Although Defendants could have abandoned their reliance on state law to justify their alleged trespass onto Plaintiffs' property, Defendants first relied on the statutes in their motions for summary judgment. ECF No. 83 at PageID.1050 ("In this case, state law authorizes building inspectors to enter onto any premises where a building or structure is being constructed during normal business hours to enforce state or local construction codes." (first citing MICH. COMP. LAWS § 125.1512; and then citing MICH. ADMIN. CODE r. 408.30504)); ECF No. 85 at PageID.1282 ("There is no reasonable dispute that Harvey and Schmidt's entry onto the Property was authorized by state law." (first

citing MICH. COMP. LAWS § 125.1501 *et seq.*; and then citing MICH. COMP. LAWS § 333.12401 *et seq.*)). At that time, Plaintiffs' constitutional concerns first ripened. Then they timely filed responses along with contemporaneous Rule 5.1 notices demonstrating timely service on the Michigan Attorney General. *See* ECF No. 92 (citing ECF No. 91); ECF No. 99 (citing ECF No. 98). In this way, Plaintiffs "promptly" filed and served their notices. *See* FED. R. CIV. P. 5.1(a).

Because Plaintiffs promptly filed and served their notices, the questions will be certified to the Michigan Attorney General under 28 U.S.C. § 2403. *See Bank of N.Y. Mellon v. Laugand*, No. 3:17-CV-00067, 2017 WL 4682719, at *1 n.1 (M.D. La. Oct. 18, 2017) (holding that only a promptly filed and served notice "will trigger the court's duty to certify a constitutional challenge to the state attorney general." (citing FED. R. CIV. P. 5.1(b))).

### III.

Accordingly, it is **ORDERED** that Plaintiffs' Objection to the Sua Sponte Order Striking of Rule 5.1 Notices, ECF No. 109, is **SUSTAINED**.

Further, it is **ORDERED** that Plaintiffs' Notices, ECF No. 92; 99, are **UNSTRICKEN**.

Further, it is **ORDERED** that the following question is **CERTIFIED** to the Michigan Attorney General under 28 U.S.C. § 2403: Does Michigan Compiled Laws § 125.1512 and Michigan Administrative Code Rule 408.30504 violate the Fourth Amendment to the United States Constitution?

Further, it is **ORDERED** that the Michigan Attorney General is **PERMITTED** to intervene **on or before May 1, 2023**.

**This is not a final order and does not close the above-captioned case**.

Dated: March 28, 2023                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge